## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

MEAGAN DURAND, *et al.*,

        Plaintiffs                    CASE NO 3:24CV-718-DJH

vs.

GIVAUDAN FLAVORS CORPORATION,

        Defendant

---

### GIVAUDAN FLAVORS CORPORATION'S MOTION TO DISMISS
### FOR LACK OF PERSONAL JURISDICTION AND
### FAILURE TO JOIN A NECESSARY PARTY

---

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and (7), Defendant Givaudan Flavors Corporation ("Givaudan") submits this Motion to Dismiss. As discussed more fully in Givaudan's Memorandum in Support filed herewith, this Court lacks personal jurisdiction over Givaudan because neither Kentucky's long-arm statute nor Due Process have been satisfied. Givaudan has not performed any act within Kentucky that would give rise to this Court's exercise of personal jurisdiction over it relating to the tragic accident that is the subject of Plaintiffs' lawsuit. Further, Plaintiffs have failed to assert claims against the proper defendant, D.D. Williamson & Co., LLC, which is a necessary and indispensable party to this litigation.

Dated:  February 7, 2025                    Respectfully submitted,

                                           /s/ *Carrie A. Shufflebarger*
                                           Carrie A. Shufflebarger KY Bar No. 90705)
                                           Kimberly E. Ramundo (KY Bar No. 89552)
                                           (Application for Admission to be Submitted)
                                           THOMPSON HINE LLP
                                           312 Walnut Street, Suite 2000
                                           Cincinnati, OH 45202-4024
                                           Carrie.Shufflebarger@ThompsonHine.com
                                           Kimberly.Ramundo@Thompsonhine.com
                                           Phone: (513) 352-6700
                                           Fax: (513) 241-4771

                                           *Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

MEAGAN DURAND, *et al.*,

            Plaintiffs                     CASE NO 3:24CV-718-DJH

     vs.

GIVAUDAN FLAVORS CORPORATION,

            Defendant

---

**GIVAUDAN FLAVORS CORPORATION'S MEMORANDUM IN SUPPORT OF**
**ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND**
**FAILURE TO JOIN A NECESSARY PARTY**

---

## I.    INTRODUCTION

On November 12, 2024, D.D. Williamson & Co., LLC ("DDW") experienced an explosion at its Louisville, Kentucky factory.  Plaintiffs have not, however, asserted claims against DDW. Instead, they brought a class action lawsuit against Givaudan Flavors Corporation ("Givaudan"), for property damage and personal injuries they allege resulted from the explosion, mistakenly believing that Givaudan owns the DDW factory.  Givaudan is a parent company of DDW, several rungs up the corporate ladder.  It has no role in the operation or management of DDW's Louisville factory, and has not purposefully directed its actions towards this forum in any manner giving rise to Plaintiffs' claims.  DDW, as the owner and operator of the factory at issue, is the sole proper defendant in this matter and is, therefore, an indispensable party.  Therefore, Givaudan seeks dismissal of the Complaint for lack of personal jurisdiction and failure to join a necessary party.

## II.    RELEVANT FACTUAL BACKGROUND

Plaintiffs' class action lawsuit stems from an explosion that occurred on November 12, 2024, at DDW's Louisville, Kentucky factory.  Plaintiffs allege that the explosion was caused when a cooking vessel overheated.  (Compl. ¶ 18 (Doc. 1).)[1]  Plaintiffs further allege that, as a result of the explosion, they suffered significant property damage and emotional distress.  (*Id.* ¶¶ 8-9.)  While tragic, these events are unrelated to Givaudan's operations in Kentucky as Givaudan does not operate or manage the DDW factory.

Defendant Givaudan is a Delaware corporation with its principal place of business in Cincinnati, Ohio.  (Declaration of Cedric Koller ("Koller Decl.") ¶¶ 4-5 (attached as Ex. 1).)  While Givaudan conducts business in Kentucky, *id.* ¶¶ 6 and 8, it does not operate, manage, or control DDW's Louisville factory.  (*Id.* ¶¶ 9, 10, 11, 13.)  Givaudan does not employ any individuals at DDW's Louisville factory.  (*Id.* ¶ 12.)  Givaudan does not own DDW's Louisville factory.  (*Id.* ¶ 13.)  Rather, Givaudan is the parent of DDW, The Color House LLC, which is the parent of The Williams Group, LLC, which is the direct parent of DDW:

---

[1] Givaudan takes no position as to the truth or falsity of Plaintiffs' allegation as it understands that investigation is ongoing.



(*Id.* ¶ 15.)  Givaudan maintains that DDW is the proper party to this litigation as it owned and operated the facility at issue.

## III.    LAW AND ARGUMENT

### A.    The Court Lacks Personal Jurisdiction Over Givaudan.

Plaintiffs bear the burden of establishing that personal jurisdiction exists.  *KFC Corp. v. Wagstaff*, 502 B.R. 484, 489 (W.D. Ky. 2013) (citing *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007)).  Plaintiffs must show "with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction."  *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (internal quotation and citation omitted).

Federal courts apply the law of the forum in which the court sits to determine personal jurisdiction, "subject to the requirements of constitutional due process."  *KFC Corp.*, 502 B.R. at

489 (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997)).  Kentucky courts apply a two-step inquiry to determine whether personal jurisdiction exists:  (1) is personal jurisdiction permissible under KRS 454.210; and, if so, (2) does the exercise of such jurisdiction comport with Due Process?  *Hinners v. Robey*, 336 S.W.3d 891, 895 (Ky. 2011); *Braun v. Bearman Indus., LLC*, No. 2023-CA-0636-MR, 2024 Ky. App. Unpub. LEXIS 296, at *6-7 (Ky. Ct. App. May 17, 2024).  Plaintiffs cannot establish jurisdiction over Givaudan under either prong.

     1. <u>Givaudan Is Not Subject To Personal Jurisdiction Under Kentucky's Long-Arm Statute.</u>

  Givaudan concedes that it transacts business in Kentucky.  However, Kentucky's long-arm statute requires a plaintiff's claims to *arise out of* the defendant's in-state conduct.  *Hinners*, 336 S.W.3d at 896 (there must be a "reasonable and direct nexus between the wrongful acts alleged in the complaint and the statutory predicate for long-arm jurisdiction." (internal quotations omitted)); *see also KFC Corp.*, 502 B.R. at 496 ("Under KRS § 454.210(2)(a)(1), for this court to exercise personal jurisdiction over a person who is transacting business in Kentucky, the plaintiff must also show that the claims 'arise from' those activities in Kentucky.").  A claim "arises from" in-state conduct if the claim "originated from, or came into being, as a result of the defendant's activities which fit into the categories listed in KRS § 454.210."  *Cmty. Ass'n of Underwriters of Am., Inc. v. TTI Consumer Power Tools, Inc.*, No. 3:23-cv-107-RGJ, 2023 U.S. Dist. LEXIS 227487, at *8-9 (W.D. Ky. Dec. 20, 2023) (internal quotations omitted).

  Plaintiffs' claims do not arise from Givaudan's in-state activities.  Givaudan owns and operates its own, separate flavoring plant and warehouse in Devon and Hebron Kentucky, respectively.  (Koller Decl. ¶¶ 6-8, 14.)  Those facilities do not sell products or provide services to DDW's Louisville factory.  (*Id.* ¶7.)  Plaintiffs do not allege that any conduct related to Givaudan's manufacturing of flavor products or warehouse activities contributed to the accident at DDW's

6

factory. Rather, Plaintiffs' claims are based exclusively on allegations of negligence at the factory-level that Plaintiffs claim resulted in a piece of equipment malfunctioning, causing an explosion. (Compl. ¶¶ 18-23, 35-61.) Givaudan did not have any operational or maintenance role at DDW's Louisville factory and did not employ any of the individuals who worked there. (Koller Decl. ¶¶ 9-13.) Thus, Plaintiffs cannot show that their claims originated as a result of Givaudan's Kentucky operations. *See, e.g.*, *Estate of Pressma v. ITM TwentyFirst Servs., LLC*, No. 3:21-cv-34-RGJ, 2022 U.S. Dist. LEXIS 162085, at *19 (W.D. Ky. Sep. 8, 2022) (dismissing defendant, reasoning that, even if the defendants' conduct fell within the categories of Kentucky's long-arm statute, jurisdiction was lacking because there was an insufficient nexus between the defendants' conduct in Kentucky and the asserted claims); *Evans v. Brown*, No. 1:18-CV-00130-GNS, 2019 U.S. Dist. LEXIS 88865, at *11 (W.D. Ky. May 28, 2019) (dismissing defendant, reasoning that "[a]ll of the alleged malpractice claimed by Plaintiffs occurred in Tennessee, and neither originated from nor were produced by Children's Hospital's acceptance of Kentucky Medicaid.").

Accordingly, Plaintiffs have not met their burden of establishing that Givaudan falls within the scope of Kentucky's long arm statute such that this Court may exercise personal jurisdiction over Givaudan.

> 2.    <u>Givaudan Lacks Sufficient Minimum Contacts with Kentucky Such That It Would Violate Due Process To Subject Givaudan To This Court's Jurisdiction.</u>

Due Process is not satisfied for largely the same reason that long-arm jurisdiction fails. To exercise personal jurisdiction, the defendant must have "certain minimum contacts with the State such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (internal quotations omitted). Personal jurisdiction can be separated into two categories—general and specific. *Id.* at 919. The Complaint does not establish that the Court has either general or specific

personal jurisdiction over Givaudan. Thus, in addition to falling outside of the scope of Kentucky's long-arm statute, Plaintiffs' lawsuit against Givaudan fails to satisfy due process under the United States Constitution.

> a. *There Is No Proper Basis For This Court To Exercise General Personal Jurisdiction Over Givaudan.*

General jurisdiction exists in the limited circumstance where the defendant's "affiliations with the [forum] State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 564 U.S. 915, 919 (2011). In *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014), the Supreme Court confirmed that, absent exceptional circumstances, there are two places where a corporation will be deemed "at home" for general jurisdiction: its place of incorporation and principal place of business. The Supreme Court rejected the concept that a corporation would be "at home" wherever it "engages in a substantial, continuous, and systematic course of business," describing that argument as "unacceptably grasping." *Id.* at 137-138.

Givaudan is not "at home" in Kentucky. It is a Delaware corporation with its principal place of business in Cincinnati, Ohio. (Koller Decl. ¶¶ 4-5.) Thus, to establish general jurisdiction, Plaintiffs must meet the demanding standard of showing that Givaudan's contacts with Kentucky are so significant that this is one of the "extraordinary cases" where general jurisdiction nonetheless exists. Plaintiffs do not, and cannot, meet that standard. To the extent Kentucky even recognizes general jurisdiction,[2] Plaintiffs do not allege any extraordinary circumstances that would allow the exercise of general jurisdiction over Givaudan such that it could be treated as being "at home" in Kentucky.

---

[2] Because even Kentucky's long-arm statute requires a direct connection between a defendant's presence in the Commonwealth and the cause of action, it is unlikely that a plaintiff could successfully base a lawsuit on general personal jurisdiction.

b.    *Givaudan Is Not Subject To Specific Personal Jurisdiction In Kentucky In This Case.*

Plaintiffs' Complaint fails to satisfy any of the requirements necessary to satisfy their burden of proving that the exercise of specific personal jurisdiction over Givaudan would satisfy Due Process.  That is because exercising jurisdiction over Givaudan would extend beyond the limits of Due Process and offend "traditional notions of fair play and substantial justice." *See International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

To establish sufficient minimum contacts under the Due Process Clause, a plaintiff must demonstrate: (1) "that the defendant has "purposefully directed" his activities at residents of the forum,"; (2) that "the litigation results from alleged injuries that 'arise out of or relate to' those activities;" *Hinners*, 336 S.W.3d at 897 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)); and (3) that the defendant's connections to Kentucky are such that the exercise of jurisdiction is reasonable.  *Murphy v. Frontier Prof'l Baseball, Inc.*, 601 S.W.3d 511, 515 (Ky. Ct. App. 2020).  Due Process is not satisfied because Plaintiffs' claims do not arise out of Givaudan's contacts with Kentucky.

The "arising out of" prong of specific jurisdiction "depends on an affiliation between the forum and the underlying controversy (i.e., an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation)." *Walden v. Fiore*, 571 U.S. 277, 283-284 n.6 (2014) (internal citation and quotation omitted).  Plaintiffs must, therefore, establish "a causal nexus between the defendant's contacts with the forum state and the plaintiff's alleged cause of action. . . . [T]he cause of action must . . . have a substantial connection with the defendant's in-state activities." *Murphy*, 601 S.W.3d at 516 (quoting *Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 506-07 (6th Cir. 2014)).

As explained in Section II.A.1., *supra* at 6-7, the particular allegations surrounding Plaintiffs' claims do not establish any connection, let alone a substantial one, between Givaudan and the basis for Plaintiffs' alleged injuries. Plaintiffs have not, for instance, identified any conduct by Givaudan that occurred in Kentucky relating to the explosion. Rather, their allegations focus exclusively on the alleged failure to properly maintain, ventilate, or handle a cooking vessel at the DDW factory, claiming that alleged failures by employees on the ground caused the explosion. *Supra* at 4, 6-7. Givaudan has no role in the management or operation of DDW's Louisville factory or the maintenance of equipment at the factory, and does not employ anyone at the factory. (Koller Decl. ¶¶ 9-13.)

Givaudan is simply a parent company of DDW, several rungs up the corporate ladder. (*Id.* ¶¶ 14-15.) Having a corporate familial relationship, however, is insufficient to establish a sufficient causal nexus – Givaudan's contacts with Kentucky must be sufficient on their own. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984) (reasoning that "[e]ach defendant's contacts with the forum State must be assessed individually" and jurisdiction cannot be presumed based on a parent-subsidiary relationship); *Niemi v. NHK Spring Co.*, 543 F.3d 294, 307-08 (6th Cir. 2008) (affirming dismissal of claims against parent corporation where the plaintiff "failed to show that such actions by [the parent corporation] caused tortious injury to" the plaintiff); *Roberson v. Waste Mgt.*, No. 1:15-CV-00107-GNS, 2016 U.S. Dist. LEXIS 7074, at *4-5 (W.D. Ky. Jan. 21, 2016) ("Plaintiff must establish that the parent company is being brought into court for its own conduct, not just the conduct of its subsidiary.") (citing *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1274 (6th Cir. 1998)); *Eaves-Leanos v. Assurant, Inc.*, No. 3:07-CV-18-S, 2007 U.S. Dist. LEXIS 63652, at *8 (W.D. Ky. Aug. 27, 2007) ("Although Assurant is the parent

company of American Security and Union Security, that relationship alone is not a proper basis for this court to hold jurisdiction over Assurant.").

Because Givaudan lacks any contact with Kentucky related to the explosion at DDW's Louisville factory, the Court lacks personal jurisdiction over Givaudan.  As established in Givaudan's affidavit, it conducted no activity in Kentucky connected in any way with the allegations in this case.  Given these facts, Givaudan respectfully submits that the guiding principles of Due Process under the U.S. Constitution require its dismissal.

### B.    Plaintiffs Failed To Join An Indispensable Party:  DDW.

Pursuant to Rule 12(b)(7), a complaint may be dismissed for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7).  Courts can consider extrinsic evidence when determining whether the plaintiff has failed to join an indispensable party.  *Grange Ins. Co. v. US Framing Inc.*, No. 3:22-CV-167-CHB, 2023 U.S. Dist. LEXIS 54974, at *7 (W.D. Ky. Mar. 30, 2023).

Courts in this Circuit employ a three-step analysis when ruling on dismissal pursuant to Rule 12(b)(7):

> First, the Court turns to Rule 19(a) to determine whether a person is necessary to the action and should be joined if possible.  If that party is deemed necessary under Rule 19(a), the Court must next determine if that party is subject to personal jurisdiction and can be joined without eliminating the basis for subject matter jurisdiction. Then, if the necessary party cannot be joined, the Court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.  Rule 19(b) then lists four factors that the Court must consider in evaluating this final step.

*Grange Ins. Co.*, 2023 U.S. Dist. LEXIS 54974, at *16-17 (internal citations and quotations omitted).

DDW is a necessary party to the litigation.  DDW owns and operates the factory at issue and did so at all relevant times.  Further, DDW is a Kentucky entity and is, therefore, subject to personal jurisdiction in Kentucky.  Because the allegations focus exclusively on activities and

equipment at DDW's Louisville factory, the relevant corporate evidence and witnesses are DDW's documents and employees.  Therefore, DDW is a required party for the case to be fully and fairly litigated.

## IV.    CONCLUSION

Based on the foregoing, personal jurisdiction over Givaudan is lacking.  Further, Plaintiffs have failed to assert claims over DDW, a necessary and indispensable party.  Accordingly, Givaudan Flavors Corporation respectfully submit that all claims against it should be dismissed.

Dated:  February 7, 2025                    Respectfully submitted,


                                            /s/ *Carrie A. Shufflebarger*
                                            Carrie A. Shufflebarger (KY Bar No. 90705)
                                            Kimberly E. Ramundo (KY Bar No. 89552)
                                            (Application for admission to be submitted)
                                            THOMPSON HINE LLP
                                            312 Walnut Street, Suite 2000
                                            Cincinnati, OH 45202-4024
                                            Carrie.Shufflebarger@ThompsonHine.com
                                            Kimberly.Ramundo@ThompsonHine.com
                                            Phone: (513) 352-6700
                                            Fax: (513) 241-4771


                                            *Attorneys for Defendant*
                                            *Givaudan Flavors Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, do hereby certify that on this 7th day of February, 2025, a true and correct copy of the above and foregoing document was filed using the Court's ECF system, which will send a notice of electronic filing to all registered counsel:

Aleksandr "Sasha" Litvinov (KY Bar No. 95598)
867 Boylston Street 5th Floor #1520
Boston, MA 02116
Telephone: 617-377-7404
Facsimile: (888) 410-0415
sasha@skclassactions.com

Yeremey O. Krivoshey (SBN 295032)
166 Geary St. Ste 1500-1507
San Francisco, CA 94108
Telephone: 415-839-7077
Facsimile: (888) 410-0415
yeremey@skclassactions.com

Nicholas A. Coulson
COULSON P.C.
300 River Place Drive
Suite 1700
Detroit, MI 48207
Telephone: (313) 644-2685
nick@coulsonpc.com

*Attorneys for Plaintiffs*
*and the Proposed Classes*

/s/ *Carrie A. Shufflebarger*
Carrie A. Shufflebarger (KY Bar No. 90705)